BENJAMIN B. WAGNER
United States Attorney
JILL M. THOMAS
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

D. ANDREW SIGLER
Trial Attorney, National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-0008 MCE |
|---|---|
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| AWS MOHAMMED YOUNIS AL-JAYAB, | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

This cause is before the Court on the parties' joint motion for stipulated protective order. Mindful that this case originated as a national security investigation, the parties agree both general and sensitive discovery in this case warrants enhanced protection. The parties further agree that they have a compelling interest in preventing certain sensitive but declassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendant and third parties.

Accordingly, pursuant to the Court's authority under Rules 16(d)(1) and 26.2 of the Federal

1

Stipulated Protective Order

Rules of Criminal Procedure to grant appropriate relief to the parties where required in the interests of justice, it is **ORDERED AS FOLLOWS:**

The government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) general discovery materials, and (2) sensitive discovery materials. Within general discovery materials, the parties recognize that further restrictions specified below apply to personal identifying information, identified herein as "protected general discovery." The sensitive discovery materials shall be clearly identified by the government.

Except as provided below, protected general discovery materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense. Members of the defense team may show (but not provide copies of) any general discovery materials to witnesses or potential witnesses during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

As part of its obligation pursuant to Federal Rule of Criminal Procedure 16, the United States will provide the defendant with general discovery documents which may be subject to the Privacy Act, 5 U.S.C. § 552, the Disclosure of Information in Possession of the Social Security Administration Act, 42 U.S.C. § 1306, Federal Rule of Criminal Procedure 49.1, and EDCA Local Rule 140, because they may contain names, addresses, Social Security numbers, dates of birth, and financial account numbers. This information shall be known as "protected general discovery." Protected general discovery, including any copies, notes, summaries, etc., will be stored at defense counsel's office or the office of an expert who, as noted, shall be subject to the same disclosure limitations.

In addition to the provisions for general discovery materials described in this protective order, any document filed with the Court, including any attachment, which contains protected general

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

2

Stipulated Protective Order

discovery, or a description or reproduction thereof, will be filed in redacted form (redacting the portions of the pleading referencing protected general discovery) or under seal pursuant to any applicable local rule for the Eastern District of California.

The procedure for use of protected general discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall consider redacting protected general discovery to remove individual personal identifiers, request the Court to submit such documents under seal, code the documents to substitute numerical or other designations for the individual's name or other identifying information, request that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introduce any summary evidence where practicable which may be more easily redacted.

Nothing contained in this order shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency or department of the United States, or any division of any such agency or department, protected general discovery documents related to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; nor shall anything contained in this order prevent or in any way limit or impair the use of any such protected general discovery by an agency in any proceeding relating to any potential violation of  law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the protected general discovery consistent with the terms of this order.  A copy of this order will be provided to said regulatory agency, law enforcement agency, or any division, agency, or department of the United States, to ensure compliance therewith in connection with disclosure of protected discovery information.

**IT IS FURTHER ORDERED** that sensitive discovery materials[2] shall not be further disseminated by the defendant or his counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense.  Notice of proposed dissemination to defense experts shall be provided to the

---

[2] The category of sensitive discovery materials includes all declassified information.

Stipulated Protective Order

Court *ex parte* and under seal.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any sensitive discovery material appropriately so marked.  It is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses.  The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so.  The notice shall be under seal.  No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph.

No general discovery material (including protected general discovery) or sensitive discovery material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the memorandum of understanding in the form attached hereto, agreeing to comply with the terms of this protective order.  The signed memorandum of understanding shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this protective order or the memorandum of understanding executed in connection with this order.

All sensitive discovery materials in this case are now and will forever remain the property of the United States government. At the conclusion of this case, all discovery materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the government, all discovery materials shall be returned to the government.

Defense counsel in receipt of sensitive discovery materials may only make copies of sensitive discovery materials in accordance with this order.  Defense counsel shall not remove from any copies of either general discovery materials or sensitive discovery materials any inscription made by the Government identifying the materials as: "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission."

4

Stipulated Protective Order

All discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense.

No party shall make, or participate in the making of, any extrajudicial disclosure of sensitive discovery materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

Counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place.

Notwithstanding any other provision of this or any other protective order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA.

Nothing in this order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.  Likewise, this order is entered without prejudice to either party's right to seek a revision of the order by appropriate motion to the Court.

**IT IS SO ORDERED.**

DATED:  May 5, 2016

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

Stipulated Protective Order

5